**Bobby SMITH, Petitioner–Appellant,**

v.

**Michael J. CROWLEY, Respondent–Appellee.**

No. 00–2428.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

---

Before JONES and COLE, Circuit Judges; GWIN, District Judge.*

### ORDER

Bobby Smith, a Michigan state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith was convicted following a 1993 bench trial of armed robbery, felonious assault, and felony firearm. He was sentenced to fifteen to thirty plus two years of incarceration. His conviction was affirmed on direct appeal in the state courts. His motion for a remand for an evidentiary hearing on claims of ineffective assistance of counsel was denied without opinion. He then filed this petition for federal habeas corpus relief, raising claims of insufficient evidence, a challenge to an evidentiary ruling, and ineffective assistance of counsel. Respondent failed to argue the ineffective assistance issue in its initial response. The magistrate judge recommended that the petition be denied as to the first two claims. After a response on the ineffective assistance claim was filed, the magistrate judge also recommended denying the petition as to that ground. The district court adopted the magistrate judge's recommendation and denied the petition.

The district court certified one of Smith's claims of ineffective assistance of counsel for appeal: that counsel failed to investigate and present an alibi defense. This court declined to issue a certificate of appealability on the remaining claims. The certified issue has now been briefed. Smith has also filed a request for the appointment of counsel and a motion for miscellaneous relief.

This court reviews de novo a district court's resolution of a mixed question of law and fact. *Carpenter v. Chapleau*, 72 F.3d 1269, 1271–72 (6th Cir.1996). Review of the record in this case supports the district court's conclusion that the outcome of this trial was not affected by the alleged ineffective assistance of counsel.

■ Initially, it is noted that the respondent argues that Smith procedurally defaulted this claim because he did not support his motion for a remand for an evidentiary hearing with his own affidavit, but rather with an affidavit from the potential alibi witness. Even if this constituted a failure to follow a clearly established state rule, because the state courts denied the motion without opinion and did not clearly and expressly invoke the procedural rule as a basis for its decision, Smith is not barred from presenting his claim in a federal habeas corpus petition. *Coleman v. Thompson*, 501 U.S. 722, 734, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ In order to establish ineffective assistance of counsel, Smith was required to show both that his counsel's performance was deficient and that the deficiency prejudiced the result of the trial; therefore, there is no need to determine whether counsel's performance was deficient if no prejudice can be established. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, although there was no evidentiary hearing to

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

establish whether counsel was actually informed of the potential witness and failed to investigate, the claim of ineffective assistance can be addressed by examining whether the alleged deficient performance of counsel casts doubt on the outcome of the trial. A verdict only weakly supported by the record is more likely to have been affected by errors than one with overwhelming support. *Id.* at 696. In this case, Smith alleges that his counsel should have called as a witness a girlfriend of his, who would have testified that she and Smith were engaged in a heated argument from early morning until the afternoon of the day of the crime, which was committed around noon.

The magistrate judge weighed against this potential testimony the evidence of Smith's guilt. Another girlfriend testified that she attached hair extensions to Smith prior to the crime. Several eyewitnesses consistently described the perpetrator as having long hair that looked like a wig. The girlfriend also stated that a surveillance photo from the crime scene looked like Smith. The eyewitnesses also consistently described Smith's age, height, and build, and stated that he was wearing a bandanna on his head and sunglasses. None of the witnesses was able to pick Smith out of a lineup. However, one who did not attend a lineup identified Smith at trial, although he did not remember the perpetrator wearing sunglasses. He also testified that Smith came to his home after his arrest and release, posing as a police investigator. When the witness recognized Smith and purposely gave him a description that did not match him, Smith admitted that he was charged with the crime and asked the witness to testify at the trial. When asked how he was apprehended, Smith told the witness that he had purchased a car with cash. Another friend of Smith's testified that, immediately after the robbery, Smith gave her nine thousand dollars in cash and asked her to change it into money orders, cashier's checks, and traveller's checks. She also testified that Smith purchased a car with cash. Finally, the girlfriend who fixed Smith's hair testified that Smith choked her and threatened to have her killed if she testified against him at the trial.

Given the weight of the evidence of Smith's guilt, it is submitted that the district court properly found that the potential alibi testimony referred to in Smith's claim of ineffective assistance would not have altered the outcome of the trial. Absent any prejudice from the alleged deficient performance of counsel, no ineffective assistance was established and there was no basis for granting habeas corpus relief.

Accordingly, all pending motions are denied and the district court's judgment denying this petition for a writ of habeas corpus is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.